Peck, J.,
delivered the opinion of the court:
James Hawker, a citizen of the county of Harrison, in the State of West Yirginia, represents, “that, on the 27th day of May, A. D. 1862, Captain A. M. Huntington, assistant quartermaster at Clarksburg, in said county and State, made up a *553 train of twenty-three wagons, composed mostly of farmers’ (residents of said neighborhood) wagons and teams; that, at said time and place, said quartermaster employed from claimant nine (9) two-horse teams and drivers, at twenty-seven dollars (27) per day ; two (2) four-horse teams and drivers, at ten dollars ($10) per day; and two (2) three-horse teams and driver, at eight dollars ($8) per day; and that claimant was employed as wagonmaster of said train by said quartermaster, at forty dollars ($40) per month.
“Petitioner further states that said train did start from Clarksburg, as aforesaid, on the 27th day of May, A. D. 1862, laden with forage, &c., for New Creek, Hampshire County, West Virginia, where said train arrived on the 8th day of July, 1862 ; that at that place they were ordered to remain until they could be paid oft'; that they did so remain until paid off on the 15th day of said month.
“ That he was paid up to said 8th day of July, inclusive; but claimant further represents that the contract and agreement with said Huntington, captain and assistant quartermaster, were that claimant should be paid up to the time of his return to said Clarksburg, the starting point, at which point he arrived on the 21st of said month.
“ Claimant represents that there is due him, by reason of the service of himself and teams, seven hundred and thirty-nine dollars.”
The proof establishes that claimant furnished a horse and his own services as wagonmaster; also, nine two-horse teams and drivers, two four-horse teams with drivers, and two three-horse teams and drivers. For his own services he was to receive forty dollars per month, and a dollar per day for the use of his horse, saddle, and bridle, three dollars per day for each of the two-horse teams, five dollars ]>cr day for each of the four-horse teams, and four dollars for each of the three-horse teams.
The prices stated are proved to have been fair and reasonable. The service was properly rendered, and the claimant should recover under an implied contract what the proof establishes those services were reasonably worth. For a large part of the services claimant has been paid.
The controversy arises out of the refusal of the United States to pay for the detention of claimant and his teams at a.place called New Creek for some eight days, and the necessary time *554 passed in returning to Clarksburg, whence the teams started, and which was the residence of claimant.
The proof does not satisfy us that the claimant should be paid for the detention of his teams at New Creek, but should be paid for his own loss of time, since it appears he was kept there by the officer in charge waiting for his pay.
The time necessarily consumed by the several teams in returning to Clarksburg lie should recover. The agreement at the hiring was that the teams should be considered as in the employment of the United States until then.
It is shown that the time passed in reaching Clarksburg from New Creek was six days, making, for the teams, the aggregate. sum of three hundred dollars. The claimant was detained fourteen days, for which he should recover for the use of his riding horse fourteen dollars. For his personal compensation, at forty dollars per month, there appears to be due to him twenty dollars.
The claimant presents a claim for forage, for the use of his horses, &c., on their return to Clarksburg from New Creek; also, rations for his drivers; this claim we allow.
We direct a judgment for claimant upon the case made for $384.